**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:03CR-14-V**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| **KEMUEL CORNELIUS MINGO,** | ) | |
| | ) | |
| Defendant. | ) | |

_____

**THIS MATTER** is before the Court on the pro se Defendant's handwritten motion filed May 3, 2005, which he calls his "Sixth Amended Motion For Access To The Law Library Jail Service's [sic] On A Daily Basis" (document #75). For the reasons stated herein, the Defendant's Motion will be denied.

The Defendant has had three appointed lawyers, and has been unable to work or get along with any of them. Each was an experienced federal criminal practitioner, and each remains an attorney in good standing on this Court's list of approved court-appointed counsel. Specifically, the Defendant has been represented by Lucky T. Osho (from February 2003 through June 2003); Richard L. Brown, Jr. (from June 2003 through February 2004); and Stephen R. Carley (from February 2004 until February 7, 2005). The Defendant, who was convicted following a jury trial on November 5, 2003, and was subsequently sent for a competency evaluation on the Government's motion (and found competent), has proceeded pro se since he became dissatisfied with his third

attorney (Mr. Carley), who like his two predecessors was allowed to withdraw.

The Defendant not only has a long history of failing to work or get along with his attorneys, but also has a history of filing frivolous pro se motions; for example, since being convicted at trial the Defendant has filed patently meritless pro se motions which effectively ask to be allowed greater library access than any other prisoner in the Mecklenburg County Jail (including the instant motion); for District Judge Richard L. Voorhees to recuse himself; and multiple motions to be released pending sentencing and appeal.

Mecklenburg County Jail personnel have approximately 2,000 prisoners to whom they must provide services at any given time. They do the best job they can to allow each inmate fair and equal access to their impressive array of services, including but by no means limited to access to their limited library facilities. Thus, it would be adverse to the interests of justice to allow one individual--here, Mr. Mingo--to push others out of their fair share of the Jail's library resources and other services, particularly in light of the Defendant's history of inability to accept sound legal advice from three competent and experienced criminal defense attorneys and the fact that all remaining in this case is for the Defendant to be sentenced.

**NOW THEREFORE,** the Defendant's "Sixth Amended Motion For Access To The Law Library Jail Service's [sic] On A Daily Basis" is **DENIED**.

The Clerk is directed to send a copy of this Order to the U.S.

Attorney's Office; the pro se Defendant; the Librarian at the Mecklenburg County Jail; and to the Honorable Richard L. Voorhees.

**SO ORDERED.**

**Signed: May 12, 2005**

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge