# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL DOCKET NO.: 3:03CR14

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>KEMUEL CORNELIUS MINGO, )<br>)<br>Defendant. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on *pro se* Defendant's "Motion Requesting Sentencing Judge to Recuse Himself," filed February 28, 2005. This Motion is now ripe for disposition by the Court. For the reasons stated below, Defendant's Motion is hereby <u>denied</u>.[1]

On November 5, 2003, Defendant was convicted by a jury on all three counts in the Bill of Indictment. Defendant was scheduled to be sentenced by this Court on April 12, 2005. On April 6, 2005, Defendant filed a Motion to Continue Sentencing, which the Court denied on April 7, 2005. However, on April 12, 2005, due to an altercation in the holding cell which involved Defendant and possibly necessitated medical treatment, the Court was unable to proceed with Defendant's sentencing.

Defendant now asks the Court to assign the sentencing phase of this matter to Chief Judge Graham C. Mullen.[2] In support of his Motion to Recuse, Defendant asks the Court to

---

[1] The Court notes that Defendant has been appointed three different attorneys but he has been unwilling to cooperate with counsel. Defendant is now proceeding *pro se* with Stephen R. Carley acting as stand-by counsel. In addition to his unwillingness to cooperate with his attorney, Defendant has filed numerous frivolous *pro se* motions with this Court. For example, since his conviction Defendant has filed various motions in which he asks to be allowed greater library access than other prisoners in the Mecklenburg County Jail, as well as multiple motions requesting his release pending sentencing and appeal.

[2] Defendant did not explain why the Chief Judge was his alternate of choice.

determine whether there is a conflict of interest for this Court to preside over Defendant's sentencing. Defendant provides no evidence of such conflict.

Section 455(a) of Title 28 of the United States Code provides as follows: "(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge must further recuse himself "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The purpose of Section 455 is to avoid even the appearance of partiality by the judge. *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860 (1988). "The proper test to be applied is whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). The test is an objective one. The law is clear, however, that "[t]he alleged bias must derive from an *extra-judicial source*. It must result in an opinion on the merits on a basis *other than* that learned by the judge from his participation in the matter." *United States v. Mitchell*, 886 F.2d 667, 671 (4th Cir. 1989) (emphasis added); *see also Sine v. Local No. 992 Int'l Bhd. of Teamsters*, 882 F.2d 913, 915 (4th Cir. 1989) (finding that "[a] judge's actions or experience in a case or related cases or attitude derived from his experience on the bench do not constitute a basis to allege personal bias").

In the instant case, Defendant implies that this Court may be prejudiced against him due to his *pro se* status. Notably, Defendant provides no evidence of bias or prejudice by the Court. The basis for Defendant's Motion is not extra-judicial. Moreover, no reasonable person with knowledge of the circumstances of the case would question the Court's impartiality.

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion Requesting Sentencing Judge to Recuse Himself," is hereby **DENIED**.

**Signed: July 13, 2005**

*[signature: Richard L. Voorhees]*

Richard L. Voorhees
United States District Judge