IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL DOCKET NO.: 3:03CR14

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> KEMUEL CORNELIUS MINGO, ) <br> ) <br> Defendant. ) <br> _____ ) | ORDER |

**THIS MATTER** is before the Court on Defendant's Motion for New Trial, pursuant to Rules 25 and 33 of the Federal Rules of Criminal Procedure, filed July 20, 2005.[1] The Government did not respond to this Motion.

## I. FACTUAL AND PROCEDURAL HISTORY

On November 5, 2003, a jury found Defendant guilty on all three counts in the Bill of Indictment. Specifically, the jury found Defendant guilty of possession of a handgun by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), possession of cocaine base with intent to distribute, in violation of 21 U.S.C. 841, and possession of a firearm during and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). On June 4, 2004, prior to his sentencing, Defendant filed a Notice of Appeal. This Court, on July 25, 2005, sentenced Defendant to 120 months on Count One, 262 months on Count Two, to run concurrently with Count One, and 60 months on Count Three, with the terms to run consecutively with Counts One and Two. Defendant was also ordered to pay an assessment of $300. On August 3, 2005, which

---

[1] Defendant titled this motion "5th, 6th, & 8th Amended Motion Grounds for a New Trial." However, Defendant did not file a Motion for New Trial prior to this July 20, 2005 filing, thus there is nothing for Defendant to "amend."

1

was subsequent to his sentencing hearing but prior to the entry of judgment, Defendant filed a Notice of Appeal. Judgment was entered on September 2, 2005.

## II. DISCUSSION

Defendant brings this Motion before the Court, arguing that he is entitled to a new trial on the basis of a presiding trial judge's disability, newly discovered evidence, prosecutorial failure to disclose exculpatory evidence, and ineffective assistance of counsel.

**A.     Motion for New Trial Pursuant to Rule 25 of the Federal Rules of Criminal Procedure.**

Rule 25 of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> **(b) After a Verdict or Finding of Guilty.**
> **(1) In General.** After a verdict or finding of guilty, a judge regularly sitting in or assigned to a court may complete the court's duties if the judge who presided at trial cannot perform those duties because of absence, death, sickness, or other disability.
>
> **(2) Granting a New Trial.** The successor judge may grant a new trial if satisfied that:
> **(A)** a judge other than the one who presided at the trial cannot perform the post-trial duties; or
> **(B)** a new trial is necessary for some other reason.

FED. R. CRIM. P. 25(b). Defendant contends that due to the death of the Honorable Brent McKnight, who was the presiding judge during his trial, the former Judge McKnight cannot perform the post-trial duties and, thus, Defendant is entitled to a new trial.

The Court disagrees with Defendant's interpretation and application of Rule 25. Rule 25 permits a successor judge to grant a new trial if the successor judge determines that no other judge, other than the judge who presided at trial, can perform the post-trial duties. Here, the Court finds that the post-trial matters do not require the presence of the Honorable Brent

McKnight and such matters can be sufficiently performed by the successor judge. Consequently, a new trial is not warranted on this basis.

**B.    Motion for New Trial Pursuant to Rule 33 of the Federal Rules of Criminal Procedure**

Rule 33 permits a court to grant a new trial to a defendant "if the interests of justice so require." FED. R. CRIM. P. 33. Notably, though, "the trial court's discretion should be exercised *sparingly*, and a new trial should be granted only when the evidence weighs *heavily* against the verdict." *United States v. Arrington*, 757 F.2d 1484, 1486 (4th Cir. 1985) (citing 3 Wright, FED. PRACTICE & PROCEDURE § 353 (1982)) (emphasis added). Any motion for a new trial that is based on newly discovered evidence must be filed within three (3) years after the verdict; however, any motion for a new trial grounded on a reason other than newly discovered evidence must be filed within seven (7) days after the verdict or finding of guilty. FED. R. CRIM. P. 33(b)(1), (2).

    **1.    Newly discovered evidence**

Defendant first argues that he is entitled to a new trial on the basis of newly discovered evidence. To determine whether a new trial should be granted on the basis of newly discovered evidence, the Fourth Circuit uses a five-part test:

(i)    is the evidence, in fact, newly discovered;

(ii)   are facts alleged from which the court may infer due diligence on the part of the movant;

(iii)  is the evidence relied upon not merely cumulative or impeaching;

(iv)   is the evidence material to the issues involved; and

(v) would the evidence probably result in acquittal at a new trial.

*United States v. Chavis*, 880 F.2d 788, 793 (4th Cir. 1989) (citing *United States v. Bales*, 813 F.2d 1289, 1295 (4th Cir. 1987)). "Unless the answer to each of these inquires is affirmative, a new trial is not appropriate." *Chavis*, 880 F.2d at 793. "It is equally well-settled that evidence is not 'newly discovered' when it was known or could have been known by the diligence of the defendant or his counsel, and . . . such evidence is not sufficient to grant a new trial." *United States v. Bales*, 813 F.2d 1289, 1295 (4th Cir. 1987) (quoting *United States v. Bujese*, 371 F.2d 120, 125 (3rd Cir. 1967)).

Defendant proffers *no* newly discovered evidence. In fact, Defendant does not even advise the Court what evidence he believes is "newly discovered." The Court is unaware of any evidence that has in fact been newly discovered and that is likely to lead to an acquittal. Therefore, Defendant is not entitled to a new trial on the basis of newly discovered evidence.

**2. Exculpatory evidence**

Defendant further contends that he is entitled to a new trial because the Government withheld exculpatory evidence. Again, Defendant does not provide any information as to what evidence was withheld. Moreover, Defendant was found guilty on November 5, 2003, and did not file a Motion for New Trial on the basis of exculpatory evidence until July 20, 2005. As noted above, such motion had to be filed within seven (7) days after the verdict. *See* FED. R. CRIM. P. 33(b)(2). Therefore, the Court finds that Defendant's Motion for New Trial based on exculpatory evidence is untimely and unsupported by any evidence. Defendant's Motion for New Trial is thereby denied on this ground.

### 3. Ineffective Assistance of Counsel

Defendant further argues that he is entitled to a new trial due to the "deficient performance" of his attorney, Richard L. Brown, which prejudiced Defendant and without such performance by Mr. Brown, Defendant would have been acquitted. Notably, Defendant provides no information regarding the errors made by Mr. Brown or the resulting prejudice to Defendant. In any event, Defendant was required to file a motion for new trial due to ineffective assistance of counsel within seven (7) days of the verdict. *See* FED. R. CRIM. P. 33(b)(2); *United States v. Smith*, 62 F.3d 641, 651 (4th Cir. 1995). Since the period for a new trial motion based on anything other than newly discovered evidence has expired, Defendant's motion for a new trial based on ineffective assistance of counsel is untimely. *Id*

Accordingly, Defendant has two options for filing a claim of ineffective assistance of counsel. He may raise his claim in the first instance on direct appeal "if and only if it 'conclusively appears' from the record that [his] counsel did not provide effective assistance." *Smith*, 62 F.3d at 651. Otherwise, Defendant must raise his claim in the district court "by a collateral challenge pursuant to 28 U.S.C. § 2255, rather than in the appellate court by direct appeal." *Id.* (citing *United States v. Matzkin*, 14 F.3d 1014, 1017 (4th Cir. 1994); *United States v. Williams*, 977 F.2d 866, 871 (4th Cir. 1992), *cert. denied*, 507 U.S. 942, 113 S.Ct. 1342, 122 L.Ed.2d 725 (1993); *United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991), *cert. denied*, 503 U.S. 997, 112 S.Ct. 1703, 118 L.Ed.2d 412 (1992)).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for New Trial is hereby **DENIED**.

**Signed: October 24, 2005**

Richard L. Voorhees
United States District Judge