UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV56-3-V
(3:03CR14)

| | |
|---|---|
| **KEMUEL CORNELIUS MINGO,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence under 28 U.S.C. § 2255 (Document No. 1 ) filed February 13, 2009.

For the reasons stated herein Petitioner's Motion to Vacate will be denied and dismissed.

## I. PROCEDURAL HISTORY[1]

On January 28, 2003, Petitioner was named in a three-count Indictment charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841; using and carrying a firearm during and in relation to a drug trafficking crime and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (Case No. 3:03cr14, Document No. 1.)

Petitioner proceeded to trial on November 4, 2003 before the Honorable Brent McKnight.[2]

---

[1] The facts were largely taken from the Court of Appeals opinion. U.S. v. Mingo, 237 Fed. App'x 860 (Aug. 13. 2007).

[2] The case was transferred to the undersigned post trial after Judge McKnight passed away.

1

At trial, the government's evidence showed that on October 24, 2002, summoned by an informant, Petitioner arrived at a Charlotte motel room to conduct a drug deal with an undercover police officer. When the police officers hiding in the bathroom emerged with their guns drawn, Petitioner's initial reaction was to reach for a gun concealed in the back of his waistband. Abandoning that effort without touching or drawing the gun, Petitioner reached for the door behind him. He was unable to leave the room quickly, however, because he had locked the door from the inside when he entered. The police apprehended Petitioner and, in a search incident to his arrest, recovered from his person both the gun and a sandwich bag containing twelve individually packaged rocks of crack cocaine.

The jury returned a guilty verdict as to all counts in the Indictment on November 5, 2003. (Criminal Case 3:03cr14, Doc. No. 39.) On July 25, 2005, this Court conducted a sentencing hearing in this matter and sentenced Petitioner to 120 months imprisonment on Count One, 262 months imprisonment on Count Two to run concurrently with Count One, and 60 months imprisonment on Count Three to run consecutively with Counts One and Two. (Id.; Doc. No. 84.)

Petitioner filed a Notice of Appeal in the Fourth Circuit Court of Appeals. (Id.; Doc. No. 52.) On appeal, he argued that the district court erred in (1) not limiting its instruction on constructive possession to Count One; (2) constructively amending the indictment when instructing the jury on Count Three; and (3) not offering the jury alternative verdict forms for Count Three. On August 13, 2007 in a seventeen-page unpublished opinion, the Fourth Circuit affirmed the convictions finding with respect to the 924(c) conviction that notwithstanding any duplicity in the indictment or the district court's charging of the jury in the disjunctive, the verdict should still stand. United States v. Mingo, 237 Fed. App'x 860 (August 13, 2007). Petitioner filed a Petition for Writ of Certiorari in the Supreme Court of the United States, which was denied on February 19, 2008.

On February 13, 2009, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence alleging that: (1) his counsel was ineffective for failing to investigate the chain of custody of the gun Detective Duft recovered from him on October 24, 2002; (2) Detective Duft and Officer Zielinski testified falsely at trial that the gun admitted into evidence at trial was the same one recovered from Petitioner and that it was in substantially the same condition.; and (3) his due process rights were violated because the Government knowingly used evidence at trial, namely the gun, that had been altered or exchanged for another gun.

## II. LEGAL DISCUSSION

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief. . If the petitioner is not entitled to relief, the motion must be dismissed. Following such review, it plainly appears to the Court that Petitioner is not entitled to any relief on his claims.

### A. Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General

3

of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). Furthermore, in considering the prejudice prong of the analysis, a court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). The petitioner "bears the burden of proving Strickland prejudice," Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31), and if a petitioner fails to meet this burden, a reviewing court need not consider the performance prong. Id, at 1290 (citing Strickland, 466 U.S. at 697).

Applying the foregoing principles to Petitioner's allegations against counsel, it is apparent that he cannot prevail in this matter.

Petitioner contends that his counsel failed to investigate the chain of custody of the gun recovered from him to determine whether the gun was what it purported to be and had not been altered or exchanged with another. Petitioner also contends that counsel failed to object at trial to the chain of custody of the gun as he did with the cocaine base.

There is uncontraverted evidence in the record that a weapon was recovered from Petitioner on October 24, 2002. There is not even a hint of speculation that the weapon recovered on October 24, 2002 was different from the weapon admitted into evidence during the trial or that there was a break in the chain of custody from the point the weapon was recovered on October 24, 2002 until the weapon was admitted into evidence at trial. During the trial, Detective Duft testified that he saw a black gun in Petitioner's waistband. He saw Petitioner reach for the gun, and then turned to try to get out of the door. As Petitioner was being cuffed, Detective Duft pulled the gun from Petitioner's waistband, unloaded and cleared the gun. (Trial Transcript, Vol. I at 29.) Counsel for the Government showed Detective Duft a gun at trial and asked him whether he could identify the gun.

4

Detective Duft testified that the handgun was the same one he had recovered from the Petitioner. (Id. at 33.) Detective Duft also testified that the exhibit 3A was the evidence envelope that was used to turn the handgun in to property control as evidence. Detective Duft testified that after he recovered the gun from Petitioner, he transported it to the law enforcement center where the property control office is located. He then turned the weapon over to Officer Zielinski who logged it into evidence. (Id. at 34.) Finally, Detective Duft testified that the weapon appeared to be in the same or substantially the same condition as when it was seized from Petitioner. Petitioner's counsel then crossed examined Detective Duft on the matters to which he testified including the weapon recovered from Petitioner. (Id. at 40 - 51.)

Officer Zielinski testified that he saw Petitioner reach for something in his waistband and that after Petitioner was cuffed, he observed a 9 millimeter gun. (Id. at 63.) When shown a gun during the trial, Officer Zielinski identified the gun as the one recovered from Petitioner on October 24, 2002. He further testified that it was in substantially the same condition as when it was recovered from the Petitioner on October 24, 2002. (Id. at 64.) Officer Zielinski also testified that he was the impounding officer who logged the gun into evidence and that the envelope containing the gun had his initials on the seal where the tape is along with his badge number and the date the gun was impounded. He explained that other than the fact that the envelope was opened for trial preparation and analysis, the gun appeared to be in substantially the same condition as when he originally sealed it in the property envelope. (Id. at 64-65.) Immediately after Officer Zielinski's direct testimony, exhibit 3 (the gun) and exhibit 3A (the property envelope) were admitted into evidence. (Id. at 66.) Petitioner's counsel then crossed examined Officer Zielinski on the matters to which he testified including the weapon recovered from Petitioner. (Id. at 66 - 73, 75 - 76.)

As outlined above, when raising a claim of ineffective assistance of counsel, a petitioner bears the burden of establishing both that his counsel's performance was deficient and that such deficiency prejudiced him. Here, Petitioner has not established either prong of the Strickland test. Indeed, with respect to deficiency, Petitioner simply makes the bald, unsupported claim that his counsel was ineffective for failing to investigate the chain of custody of the gun. Petitioner does not argue why such failure to investigate was deficient or that there was any evidence which would cause his counsel to challenge the chain of custody. Petitioner does not even claim that there was any irregularity with the chain of custody of the gun recovered from him on October 24, 2002. Furthermore, Petitioner does not attempt to explain how such failure to investigate the chain of custody of the gun prejudiced him. Petitioner bears the burden of proving prejudice and he has completely failed in his burden.

Petitioner has not satisfied either prong of the Strickland test and therefore his claim of ineffective assistance of counsel must be denied.

**B. Remaining Claims are Procedurally Barred**

Petitioner also claims that Detective Duft and Officer Zielinski testified falsely at trial that the gun admitted into evidence at trial was the same one recovered from Petitioner and that it was in substantially the same condition and that his due process rights were violated because the Government knowingly used evidence – a gun – at trial that had been altered or exchanged with another. Petitioner concedes in his Motion that he did not raise either of these claims on appeal. (Motion at 5,6 and 7.)

Generally, claims that could have been, but were not raised on direct review are procedurally barred. "Habeas review is an extraordinary remedy and will not be allowed to do service for an

appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). Petitioner filed a direct appeal relative to his conviction and sentence but did not raised a claim about falsified statements by Detective Duft and Officer Zielinski or a due process claim. In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of or that he is actually innocent. See United States v. Mikalajunas, 186 F.3d 490, 492, 93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)).

Cause means some impediment. United States v. Smith, 241 F.3d 546, 548 (7th Cir. 2001). The existence of cause for procedural default must turn on something external to the defense. Murray v. Carrier, 477 U.S. 478, 488 (1986). The instant Motion fails to allege that cause and prejudice exists to excuse his procedural default, nor does he allege that he is actually innocent. Accordingly, his failure to raise these claims on direct appeal results in a procedural bar to considering the claims now. Id.

### III. ORDER

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is DENIED and DISMISSED (Document No. 1).

**SO ORDERED**.

Signed: February 20, 2009

Richard L. Voorhees
United States District Judge