# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:12-cv-235-RLV
## (3:03-cr-14-RLV-CH-1)

| | |
|---|---|
| KEMUEL CORNELIUS MINGO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255, (Doc. No. 1), and on his supplement to the motion to vacate, seeking alternative relief under 28 U.S.C. § 2241, or under the writs of coram nobis and audita querela. (Doc. No. 5). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the motion to vacate. The Court further finds that Petitioner is not entitled to relief under any of his alternative theories for relief.

## I. BACKGROUND

On November 5, 2003, Petitioner was convicted after trial by a jury of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841; using and carrying a firearm during and in relation to a drug trafficking crime and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (Criminal Case No. 3:03cr14, Doc.

No. 39: Jury Verdict). On July 25, 2005, this Court sentenced Petitioner to 120 months imprisonment on Count One, 262 months imprisonment on Count Two to run concurrently with Count One, and 60 months imprisonment on Count Three to run consecutively with Counts One and Two. (Id.; Doc. No. 84: Judgment). On August 13, 2007, in an unpublished opinion, the Fourth Circuit affirmed Petitioner's convictions. United States v. Mingo, 237 Fed. App'x 860 (2007). On February 19, 2008, the U.S. Supreme Court denied a petition for writ of certiorari filed by Petitioner. Mingo v. United States, 552 U.S. 1199 (2008).

On February 20, 2009, this Court dismissed with prejudice a § 2255 motion by Petitioner challenging his conviction and sentence. See (Civil Case No. 3:09cv56, Doc. No. 2). On September 18, 2009, in an unpublished opinion, the Fourth Circuit dismissed Petitioner's appeal of this Court's denial of his motion to vacate. United States v. Mingo, 332 Fed. App'x 874 (2009). On April 18, 2012, Petitioner filed the instant § 2255 motion to vacate, seeking to have this Court vacate Petitioner's sentence under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). On May 20, 2013, Petitioner filed a supplement to the motion to vacate, seeking alternative relief under 28 U.S.C. § 2241, and under the writs of coram nobis and audita querela.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary

hearing.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.    DISCUSSION**

As noted, Petitioner has already filed a previous motion to vacate his conviction and sentence.  Thus, this is the second § 2255 petition filed by Petitioner challenging his conviction and sentence.   Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255.  Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition.  See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals").  Indeed, on November 17, 2011, the Fourth Circuit denied Petitioner's motion seeking authorization to file a successive petition.  See (Criminal Case. No., Doc. No. 104: Order).  Accordingly, this successive petition must be dismissed.  See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").  Accord Everette v. United States, 5:04-cv-358, 2012 WL 4486107 (E.D.N.C. Sept. 28, 2012) (dismissing a § 2255 motion as a successive petition where the petitioner raised a claim under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), appeal dismissed, United States v. Everette, No. 12-7825, 2013 WL 730527 (4th Cir. Feb. 28, 2013).

Next, as for Petitioner's attempt to seek relief under alternative theories, Petitioner is not entitled to a reduction in his sentence under any of these alternative forms of relief. First, as to potential relief under 28 U.S.C. § 2241, a petitioner seeking to attack his conviction or sentence must file a motion under § 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under § 2255 is "in adequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34.

Here, Petitioner does not challenge the legality of his conviction; rather, he challenges his sentence, which he contends was based on a prior state court conviction that he asserts is no longer properly considered in calculating a sentencing enhancement. As Petitioner is challenging his sentence only, he has failed to demonstrate that pursuit of relief through § 2255 is inadequate. Therefore, Petitioner is not entitled to relief under § 2241.

Next, to the extent that Petitioner seeks alternative grounds for relief in the form of writs of coram nobis and/or audita querela under the All Writs Act, the Fourth Circuit recently described the writs of coram nobis and audita querela as follows:

> A writ of error coram nobis may be used to vacate a conviction where there is a fundamental error resulting in conviction, and no other means of relief is available. United States v. Morgan, 346 U.S. 502, 509-11 (1954); United States

> v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012). The remedy is limited, however, to those petitioners who are no longer in custody pursuant to their convictions. Carlisle v. United States, 517 U.S. 416, 428-29 (1996); Akinsade, 686 F.3d at 252.
>
> Further, a writ of audita querela is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under 28 U.S.C.A. § 2255 (West Supp. 2012). Torres, 282 F.3d at 1245; United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992). That a petitioner may not proceed under § 2255 unless he obtains authorization from this court does not alter this conclusion. See Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007) ("[T]he statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs.").

United States v. Sessoms, No. 12-7316, 2012 WL 5520311 (4th Cir. Nov. 15, 2012). Here, Petitioner is obviously in custody pursuant to his convictions, and he previously challenged his convictions and sentence in a Section 2255 motion. Therefore, the writ of coram nobis is not available to Petitioner. Furthermore, Petitioner may not use the writ of audita querela to avoid the statutory rules on successive petitions. See Coleman v. United States, No. 7:07cv346-3-MU, 2007 WL 4303717, at *2 (W.D.N.C. Dec. 10, 2007) ("The fact that § 2255 relief is now unavailable to Petitioner because of the Antiterrorism and Effective Death Penalty Act's limitation of the right to file a second or successive petition, does not make § 2255 unavailable to him for purposes of being permitted to file a writ of audita querela."), aff'd, 274 Fed. App'x 340 (4th Cir. 2008).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's § 2255 motion to vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion. Furthermore, for the reasons stated herein, Petitioner is not entitled to relief under any of his alternative theories.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as an unauthorized, successive petition, and Petitioner is not entitled to relief under any of his alternative theories.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: May 29, 2013

Richard L. Voorhees
United States District Judge